Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@TheTatarLawFirm.com


*Attorneys for Plaintiff Andra Rasby*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRA RASBY<br><br>                Plaintiff,<br><br>vs.<br><br>EARLY WARNING LLC and<br>WELLS FARGO BANK, N.A.<br><br>              Defendants. | Civil Action No. 2:15-cv-9024<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT AND THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1787.3.

1

## II.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.

### PARTIES

4.      Plaintiff ANDRA RASBY is an adult individual who resides in Los Angeles, California.

5.      Defendant EARLY WARNING SERVICES, LLC ("Early Warning") is a business entity that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 16552 N. 90th Street, Scottsdale, Arizona 85260 and which regularly conducts business in the State of California.

6.      Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") is a business entity and a furnisher of credit information that regularly conducts business in the Central District of California, and which has a principal place of business located in South Dakota, and which regularly conducts business in the State of California.

## IV.

### FACTUAL ALLEGATIONS

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least June 2015 through the present.

8.      The inaccurate information includes, but is not limited to, statements that Plaintiff used her Wells Fargo accounts in an unauthorized or fraudulent manner.

COMPLAINT
AND JURY DEMAND

9.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's bank account history, Plaintiff's financial responsibility and Plaintiff's credit worthiness. Due to Defendants' faulty procedures, Defendants reported inaccurate information about Plaintiff's prior checking account and savings account history.

10.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons, both known and unknown.

11.     Plaintiff has applied for and has been denied various bank accounts and the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports, which was a substantial factor for those denials.

12.     Plaintiff's consumer reports and file have been obtained from Defendant Early Warning and have been reviewed by prospective and existing banks, and the inaccurate information has been a substantial factor in precluding Plaintiff from opening bank accounts and obtaining other offers, known and unknown.

13.     Plaintiff has disputed the inaccurate information with Early Warning by written communication to their representatives and by following Early Warning's established procedures for disputing consumer credit information.

14.     Plaintiff has disputed the inaccurate information with Early Warning since July 2015.

15.     Notwithstanding Plaintiff's efforts, Early Warning has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and banks.  Early Warning has repeatedly published and disseminated consumer reports to such third parties from at least June 2015.

COMPLAINT
AND JURY DEMAND

16.     Despite Plaintiff's efforts, Early Warning has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

17.     Notwithstanding Plaintiff's disputes, the Defendant Wells Fargo has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

18.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20.     Defendants knew or should have known that their actions violated the FCRA and CCRAA.  Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to

COMPLAINT
AND JURY DEMAND

do so and failed to adequately review those actions to insure compliance with said laws.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.

### FIRST CLAIM FOR RELIEF – EARLY WARNING SERVICES, LLC

*Violation of FCRA Sec.1681(e)b*

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto, Defendant Early Warning was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Early Warning is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

COMPLAINT
AND JURY DEMAND

28.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.

### SECOND CLAIM FOR RELIEF – EARLY WARNING

*Violation of FCRA Sec.1681i*

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Early Warning is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681i.

31.     The conduct of Early Warning was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Early Warning is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VII.

### THIRD CLAIM FOR RELIEF – WELLS FARGO BANK NA

*Violation of FCRA Sec.1681s2-(b)*

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

COMPLAINT
AND JURY DEMAND

33.     At all times pertinent hereto Defendant is a furnisher of information and is a "person" as that term defined by 15 U.S.C. § 1681a(b).

34.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Wells Fargo is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35.     Defendant Wells Fargo's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant Wells Fargo is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## VIII.

### THIRD CLAIM FOR RELIEF- EARLY WARNING

*Violation of CCRAA*

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     Defendant Early Warning is a "consumer reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

38.     Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

39.     The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

40.     Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14(b).

COMPLAINT
AND JURY DEMAND

41.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## IX.

### FOURTH CLAIM FOR RELIEF- WELLS FARGO

*Violation of CCRAA*

42.     Plaintiff incorporated all preceding paragraphs as though alleged in full in this cause of action.

43.     In committing the false credit reporting and in continuing to falsely credit-report plaintiff after notice from her and from the credit bureaus, Defendant Wells Fargo has violated Cal.Civ.Code Section 1785.25(a).

44.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## X.

### JURY TRIAL DEMAND

45.     Plaintiff demands trial by jury on all issues so triable.

## XI.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

COMPLAINT
AND JURY DEMAND

1        (a) Actual damages under the FCRA and CCRAA;

2        (b) Statutory damages under the FCRA;

3        (c) Punitive damages under the CCRAA;

4        (d) Punitive damages under the FCRA;

5        (e) Injunctive relief under the CCRAA;

6        (f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§

7 1681n, 1681o and CCRAA § 1785.31(a)(1); and

8        (g) Such other and further relief as may be necessary, just and proper.

9 Dated: November 19, 2015

10                          Respectfully Submitted,

11

12                          Stephanie R. Tatar

13                          Tatar Law Firm, APC

14                          3500 West Olive Ave., Ste 300

15                          Burbank, CA 91505

16                          (323) 744-1146 Telephone

(888) 778-5695 Facsimile

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT
AND JURY DEMAND